UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
FEDERAL DEPOSIT INSURANCE
CORPORATION,

                           MEMORANDUM AND ORDER

           Plaintiff,              CV 09-2582

           -against-             (Wexler, J.)

JOHN H. HICKEY, JR.,

           Defendant.
----------------------------------------------X
APPEARANCES:

        CULLEN AND DYKMAN, LLP
        BY: JENNIFER A. MCLAUGHLIN, ESQ.
        Attorneys for Plaintiff
        100 Quentin Roosevelt Boulevard
        Garden City, New York 11530

        LAW OFFICES OF EDWARD R. TROY
        BY: EDWARD R. TROY, ESQ.
        Attorneys for Defendant
        44 Broadway
        Greenlawn, New York 11740

WEXLER, District Judge

      This is an action that was commenced in New York State Court as a foreclosure action against Defendant John H. Hickey ("Hickey"). Hickey counterclaimed in the State Court for, inter alia, breach of fiduciary duty. The foreclosure action was disposed of in the State Court, and, after motion practice, the sole counterclaim that remained was the claim of breach of fiduciary duty. After the insolvency of Washington Mutual Bank ("WAMU"), the successor to the institution that extended the mortgage to Hickey, WAMU was taken over by the Federal

1

Deposit Insurance Corporation as Receiver ("FDIC–R" or the "Receiver"), and FDIC-R was substituted as Plaintiff herein. The matter was thereafter properly removed to this court. The only action remaining for trial at the time of removal was the fiduciary duty counterclaim, which Hickey prosecuted against the FDIC-R. This court tried that claim before a jury, which found in favor of Hickey in the amount of $245,000.

Presently before the court are the parties' post-trial submissions concerning damages. The issues briefed concern the ability of Hickey to collect certain damages against FDIC-R (as opposed to whether he could have collected against WAMU). Specifically, the parties have briefed: (1) whether Hickey is entitled to collect the full amount awarded by the jury, even though that amount exceeds the amount referred to in his administrative claim; (2) whether Hickey is entitled to prejudgment interest, and (3) whether Hickey's recovery is limited to collection pursuant to a "receiver's certificate," and not an immediate full cash payment.

## BACKGROUND

I. Whether Hickey Is Limited By the Administrative Claim

    A. FIRREA Claims Procedure

FDIC-R was appointed as receiver of WAMU by the Office of Thrift Supervision pursuant to the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. §1821(d)(6) ("FIRREA"). FIRREA gives the FDIC-R the power to consider and settle claims made against institutions in receivership. See 12 U.S.C. §1821(d)(3). The statute sets forth the procedures to be followed by those who, like Hickey, have claims against failed institutions. Claims are to be filed with the Receiver which is then given the discretion to allow or disallow such claims. 12 U.S.C. § 1821(5)(A)(i). The filing of claims with the Receiver does not

prejudice the claimant from continuing any action commenced before appointment of the Receiver. 12 U.S.C. § 1821(5)(F)(ii). In the event that a claim is disallowed, the claimant may continue prosecution of any such action. 12 U.S.C. § 1821(6)(A)(ii). The law is clear that failure to file an administrative claim will bar any recovery against the Receiver. See City of New York v. FDIC, 40 F. Supp.2d 153, 159 (S.D.N.Y. 1999).

B. Consequence of Setting Forth a Sum Certain in a Claim

While FIRREA requires the filing of an administrative claim as a condition precedent to pursuing claims against FDIC-R, the statute does not specify that the precise amount sought be stated. The question arises whether there are consequences to either failing to set forth a particular demanded and/or setting forth a demand for a particular amount. Here, the question is whether Hickey is bound by the amount set forth in his pleadings.

FIRREA is silent on this issue, and the matter has not been decided by any court within this circuit. In making its determination, the court is guided by comparison of FIRREA to another federal statute requiring the filing of a notice of claim, namely the Federal Tort Claims Act (the "FTCA"). The FTCA is particular on this issue, limiting a claimant's recovery to the amount sought in the statutory notice of claim. See 28 U.S.C. §2675(b). Thus, in a case brought pursuant to the FTCA, a claimant is not only limited to recovery of the amount stated in the administrative claim, but the failure to set forth a sum sought is fatal to the claim. See Donahue v. United States, 457 F. Supp.2d 137, 141-42 (E.D.N.Y. 2006). The question arises whether a FIRREA claimant is similarly limited. FIRREA's omission of the requirement that an amount sought be specified in an administrative claim is good evidence that Congress did not intend to impose such a requirement. Instead, the focus of the FIRREA notice requirement is whether the

3

government agency has been put on sufficient notice of the claim alleged.

A decision directly on point on the issue before the court holds that FIRREA does not limit a claimant to the amount set forth in the notice of claim. See Interlease Corp. v. FDIC, 837 F. Supp. 1, 2 (D.D.C. 1993). There, the court noted the difference between the requirements of the FTCA and FIRREA. Additionally, noted that a decision refusing to limit claims was sensible because it "would neither put pressure on claimants to overstate their claims nor would it encourage them to understate claims." Id. The court therefore held that "FIRREA does not limit the dollar amount of plaintiff's district court claim to that which plaintiff earlier sought in its claim before the FDIC." Id. Accord Branch v. FDIC, 833 F. Supp. 56, 60 n.7 (D. Mass. 1993).

### C. Hickey's Recovery Is Not Limited By The Amount In His Claim

This court is persuaded by the fact that FIRREA's language differs from the FTCA and by the analysis and holding in Interlease. The court holds, therefore, that it is not appropriate to alter the language of FIRREA to impose a requirement that the claimant state a dollar amount. The court further holds that it is inappropriate in this particular case to limit the amount recoverable to the amount set forth in the "wherefore" clause of Hickey's counterclaim. That is because that clause set forth a request for $139,000 for recovery on his fiduciary duty claim, along with costs and disbursements of the action, and any other relief that the court may deem just and proper. FDIC-R did not raise the issue of limiting Hickey's recovery to the amount set forth in his pleading until after the jury verdict, and the language in Hickey's counterclaim put the FDIC-R on notice that the amount recovered might ultimately exceed the $139,000 referred to in the pleading. In any event, the court will not impose a statutory requirement that Congress has not made a part of FIRREA. Accordingly, the court will not limit the amount Hickey may

4

recover to the amount set forth in Hickey's counterclaim.

II. Pre-Judgment Interest

FDIC-R argues that Plaintiff is not entitled to an award of prejudgment interest. It is not argued that such an award would have been unavailable against WAMU. Instead, it is argued that prejudgment interest in unavailable, as a matter of law, where FDIC-R has been substituted as a party for a failed institution. The issue of whether prejudgment interest may be assessed against FDIC-R has not been decided in this circuit. In support of its position, FDIC-R relies on cases decided in the Ninth Circuit, holding that sovereign immunity bars such an award. See Battista v. FDIC, 195 F.3d 1113, 1120 (9th Cir. 1999), relying on, Far West Federal Bank, S.B. v. Office of Thrift Supervision-Director, 119 F.3d 1358, 1367 (9th Cir. 1997).

The court's consideration of the cases cited by FDIC-R leads it to reject the position that FDIC-R may never be held liable for prejudgment interest. While Battista was a case in which the FDIC acted as a receiver, Far West, the case upon which Battista relies in support of the sovereign immunity argument, was a case in which FDIC was named as a defendant on account of its own actions, and not as a receiver. Invoking sovereign immunity to bar the imposition of prejudgment interest in such cases may be supported, but makes less sense where, as here, FDIC-R stands in the shoes of a failed institution. Upon consideration of this distinction, the court declines to rely on the Far West analysis to bar a prejudgment interest award based upon a sovereign immunity argument.

The court also rejects the Receiver's argument that FIRREA's statutory limitation on damages to "actual direct compensatory damages," 12 U.S.C. §1821(e)(3), somehow precludes an award of prejudgment interest. The section relied upon by FDIC-R refers to claims for

5

damages for contract repudiation, which is not the case here. Even if that section applied, FIRREA excludes from the definition of "actual direct compensatory damages:" (1) punitive or exemplary damages; (2) damages for lost profits or opportunity or (3) damages for pain and suffering. 12 U.S.C. § 1821(e)(3)(B). There is no mention in the statute of prejudgment interest, and the court declines to read such a section therein. Accord Waterview Management Co. v. FDIC, 257 F. Supp.2d 31, 35 (D.D.C. 2003) (noting that unlike punitive damages, damages for loss profits or opportunity, and damages for pain and suffering, prejudgment interest is not expressly excluded by statute).

Finding no reason to deny a prejudgment interest award that would have been appropriate if the case continued against the initially named defendant, the court declines to limit Hickey's recovery where, as here, the Defendant stands in the shoes of the entity alleged to have breached its duties to Hickey. Having held prejudgment interest to be available, the court turns to consider the Receiver's argument that prejudgment interest should not begin to run until 2006. This argument is based upon the notion that while Hickey argued that the breach of fiduciary duty began in 1999, his damages case consisted mainly of testimony regarding post-2006 transactions. The court rejects this argument as a basis to limit the award of prejudgment interest. The argument ignores the time frame when the breach is alleged (and found by the jury) to have occurred.

III.     Whether Hickey's Recovery is Limited to a "Receiver's Certificate"

Finally, the court considers whether Hickey is entitled to an immediate cash payment from the Receiver, or whether his recovery is limited, at this time, to a receiver's certificate. Hickey does not appear to dispute, and the court also holds, that he cannot receive an immediate

6

cash payment but is limited to a receiver's certificate in the full amount of the judgment. Where, as here, FDIC-R acts as a receiver administering the estate of a failed institution, it has the discretion to decide how payments are to be made, and to issue receiver's certificates in advance of a final distribution of assets. See Midlantic Nat. Bank/North v. Federal Reserve Bank of New York, 814 F. Supp. 1195, 1197 (S.D.N.Y. 1993); accord Resolution Trust Corp. as Receiver for Occidental Nebraska Savings Bank, F.S.B. v. Titan Financial Corp., 36 F.3d 891, 892-93 (9th Cir. 1994); Fritz v. First Federal Sav. Bank of New Orleans, 1994 WL 90318 *1 (E.D. La.1994).

## CONCLUSION

For the foregoing reasons, the court holds that Defendant is entitled to a judgment in the full amount of the jury verdict, plus and award of prejudgment interest. The court further holds that payment of the judgment shall be limited, at this time, to issuance of a receiver's certificate by FDIC-R. Defendant is directed to submit an appropriate order, on notice. The Clerk of the Court is directed to terminate all post-trial motions herein.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
December 13, 2010